IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MICHAEL BOCHENSKI[1] | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. JKB-16-7 |
| ELLEN HOLLANDER | * | |
| WILLIAM NICKERSON | | |
| BRIAN MOFFITT | * | |
| ELLERY JOHANNESSEN | | |
| ERIN SCHAFFER | * | |
| LAURA CURRY | | |
| MARYANN BARAN | * | |
| AIMEE CARPENTER | | |
| CLAUDY SATCHEL | * | |
| EVELYN WILSON | | |
| LAURA HG OSULLIVAN | * | |
| YELENA RADUTSKIY | | |
| | * | |
| Defendants | | |

***

## MEMORANDUM

On December 3, 2015, Michael Bochenski, a resident of Annapolis, Maryland, filed a "Claim of trespass and 'trespass on the case'" in the Circuit Court for Anne Arundel County. *See Bochenski v. Hollander, et al.*, Case No. 02-2015-003660 (Anne Arundel Cir. Ct). In his complaint, Bochenski seeks $48 million in damages and names twelve defendants,[2] including two members of this court, the Honorable Ellen Hollander and the Honorable William Nickerson.

---

[1] Plaintiff lists his name as "Mike" Bochenski in the caption of his complaint. Examination of the docket of this court and the state courts indicate that this individual also uses the name "Michael" Bochenski. Because he has proceeded in this court as "Michael" Bochenski, the court will reference plaintiff as "Michael," rather than use his alias.

[2] Nine of the other defendants work for Maryland law firms. Bochenski provides service addresses for defendants Johannessen, Schaffer, Curry, Wilson, and OSullivan, who are employed with McCabe, Weisberg & Conway, LLC. Moffitt, Carpenter, Baran, and Radutskiy are employed at Gordon Feinblatt, LLC. No service information is provided for defendant Claudy Satchel.

To date, service has not been properly effected on the defendants. Nonetheless, on January 4, 2016, the United States Attorney for the District of Maryland, having become aware of the lawsuit, filed a notice of removal from the Circuit Court, citing 28 U.S.C. §§ 1441 and 1442[3] (ECF No. 1 as amended, ECF No. 9) and moved this court for additional time to file further response (ECF No. 5) and to substitute the United States of America for the judicial defendants. (ECF No. 6). For reasons noted herein, the motion to substitute shall be granted; the United States shall be dismissed; and the claims against the remaining defendants shall be remanded to the state court.

Trespass on property is asserted against nine of the named defendants (none of whom sought removal or appear to have been served with summons). Bochenski's complaint against these defendants (eight of whom are lawyers involved in prior litigation involving Bochenski) is based on state common law and does not contain allegations involving the violation of constitutional or federal law. Under 28 U.S.C. § 1332(a), a federal district court has original jurisdiction over all civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. The statute "requires complete diversity among parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant." *Central West Virginia Energy Co., Inc. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011) (citing *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996)). The citizenship of most if not all of the parties in the instant case is the same; thus, there is no basis for diversity jurisdiction over the state law claim asserted with regard to

---

[3] Title 28 U.S.C. § 1441(a) provides generally that any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendants to the appropriate federal district court. Title 28 U.S.C. § 1442 permits the removal to federal court of any civil action that is commenced in a state court against the United States or any federal agency or officer.

Bochenski's trespass claim, and this court will remand Bochenski's action against these defendants to the Anne Arundel County Circuit Court.

Bochenski claims the remaining three defendants, including Judges Hollander and Nickerson, committed "trespass on the case" with regard to his possession of real property located in Anne Arundel County. "Trespass on the case" is an archaic reference to legal history no longer used to address a cognizable wrong.[4] Nonetheless, such claim could assert a question of federal law if a defendant's alleged actions interfered with another person's constitutional rights. *See generally Reinheimer v. Moynihan, et al.*, 2015 WL 357328 *1 (W.D. Va. May 1, 2015), *affirmed in relevant part by Reinheimer v. Moynihan, et al.*, 2015 WL 3513765 *1 (W.D. Va. June 4, 2015). Examination of this case will therefore focus on this aspect of Bochenski's complaint,[5] the relevant portions of which follow:

> The above mention[ed] wrongdoers trespass on my property and "trespass on the case" and wrongdoers enjoy benefit of property that i, a man, require returned of property, i. a man, require returned of property. i, a man, require remedy for property that wrongdoers have taken by way of robbery; and i, a man, required that; 'trespass on the case' find remedy for the prosecutor by 'trial by jury'. All 7 suits arc to be brought before this 'court of record' and consolidation and all 7 suits will be exhibits or create remedy; for all the evidence, witnesses, wrongdoer are the same; And perjury suits are not included and will [be] a matter for other suit(s).
>
> 1. Ellen Hollander 'trespass on the case' I: 14-cv-0 103I-ELH at federal courthouse in Maryland; and William Nickerson 'trespass on the case' 14-cv-2780 WMN at federal courthouse in Maryland.
>
> 2. Ellen and William have no jurisdiction in suits (see line 1) and have 'trespassed on the case'.

---

[4] *See Ali Zarabi v. MSH Constr., Inc.,* 2011 Va. Cir. LEXIS 94, at *5. (Fauquier County Va., Jan. 11, 2011). *See also Khalifa v. Shannon*, 945 A.2d 1244, 1256-57 & n.9 (Md. 2008) (noting Maryland's abandonment of ancient "form pleading" in favor of "a plain statement of the facts necessary to constitute a ground of action").

[5] This court's examination of Bochenski's claim regarding "trespass on the case" is limited to claims against the judicial defendants.

ECF No. 2 at p. 1.[6]   The complaint generally alleges the wrongdoing concerned a "mortgage…created in 1987."  ECF No. 2 at p. 2, ¶ 12.

### Background

Bochenski is no stranger to this courthouse.  On January 28, 2014, Bochenski sued M&T Bank in the Circuit Court for Anne Arundel County, alleging fraud, theft, and conspiracy to commit fraud, and seeking money damages and other relief "giv[ing] [him] clear title on" certain real property.  On April 2, 2014, Brian Moffet, counsel for M&T Bank, filed a notice of removal in this court.  That case, *Bochenski v. M&T Bank*, Civil Action No. ELH-14-1031 (D. Md.), remains pending before the Honorable Ellen L. Hollander.

On September 2, 2014, Bochenski filed an action against M&T Bank and Attorney Moffet, and also named as a defendant Laura Curry, a lawyer in the law firm McCabe, Weisberg & Conway, LLC.  *See Bochenski v. Curry, et al.,* Civil Action No. WMN-14-2780 (D. Md.).  The Honorable William M. Nickerson reviewed the complaint and concluded that it contained disjointed, nonsensical statements that did not illuminate any conceivable claims against the named defendants, but could in some way be linked to the case now pending before Judge Hollander.  On September 5, 2014, Judge Nickerson dismissed the complaint.  After Bochenski continued to mail documents in the closed proceeding, Judge Nickerson ordered that the Clerk need not continue to docket and respond to correspondence and papers submitted by Bochenski in that case, unless the submissions are clearly related to an appeal.  *See In Re: Michael Bochenski,* Misc. No. 14-475 (D. Md. October 9, 2014).

---

[6] The complaint also claims the other named defendants, none of whom is a federal employee, caused him harm by acting as opposing counsel, by providing forged documents in unspecified legal proceedings, or by attempting to somehow "rob" him of his property.  ECF No. 2 at pp. 1-2.

**Analysis**

1.   Substitution of Parties

Counsel moves to substitute the United States of America for defendants Hollander and Nickerson on the basis that (1) plaintiff seeks judgment for personal injury they allegedly caused while (2) acting within their scope of employment as federal judges.  Counsel provides an executed certification by the United States Attorney for the District of Maryland indicating these defendants were acting within their scope of employment with regard to litigation filed by Bochenski in this court.  *See* ECF No. 10.  Title 28 U.S.C. § 2679(d)(1) provides that upon certification by the Attorney General that a defendant employee was acting within the scope of his or her office or employment at the time of the incident out of which the claim arose, "any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant."  The motion to substitute shall be granted.

2.   Removal

Under 28 U.S.C. § 1346(b)(1), the federal district courts have exclusive jurisdiction of civil actions on claims against the United States for money damages for personal injury caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his or her office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.  Thus, removal from the state court to this forum is proper with regard to the judicial defendants.

3.      Extension Request

Counsel requests additional time to respond to the complaint. For reasons noted herein, further response is unnecessary, because judicial officers acting within the scope of their employment are immune from the type of damages sought by this plaintiff.

4.      Immunity

Counsel indicates that the Federal Tort Claims Act provides the exclusive remedy for a tort committed by an employee of the United States acting within the scope of his or her employment. *See* 28 U.S.C. § 2679(b)(1). As a general matter, this is correct. In this instance, however, an FTCA action against a federal judge is barred by judicial immunity. 28 U.S.C. § 2674 of the FTCA provides in relevant part:

> With respect to any claim under this chapter, the United States shall be entitled to assert any defense based upon judicial or legislative immunity which otherwise would have been available to the employee of the United States whose act or omission gave rise to the claim, as well as any other defenses to which the United States is entitled.

Federal judges are immune from "liability for damages for acts committed within their judicial jurisdiction." *Imbler v. Pachtman*, 424 U.S. 409, 419 (1976); *Stump v. Sparkman*, 435 U.S. 349 (1978); *Smith v. Nationstar Mortgage, LLC*, 2015 WL 9581802 (D. Md. December 28, 2015). Because it is a benefit to the public at large, "whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences," *Pierson v. Ray*, 386 U.S. 547, 554 (1967), absolute immunity is necessary so that judges can perform their functions without harassment or intimidation. "Although unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to

himself.'" *Mireles v. Waco*, 502 U.S. 9, 10 (1991) (quoting *Bradley v. Fisher*, 13 Wall. 335, 20 L. Ed. 646 (1872)).

In determining whether a particular judge is immune, inquiry must be made into whether the challenged action was "judicial" and whether, at the time the challenged action was taken, the judge had subject matter jurisdiction. *Stump*, 435 U.S. at 356. Unless it can be shown that a judge acted in the "clear absence of all jurisdiction," absolute immunity exists even when the alleged conduct is erroneous, malicious, or in excess of judicial authority. *Id*. at 356-57. Here, the judges were clearly acting within their "judicial jurisdiction" while presiding over Bochenski's cases. Thus, where a federal judicial officer's actions form the basis for the FTCA claim, the United States may assert judicial immunity if the individual judicial officer would be immune from suit. *See Tinsley v. Widener*, 150 F. Supp. 2d 7, 12 (D.D.C. 2001) (explaining that the United States possesses whatever immunity is available to the judicial officer whose act is the basis of the suit); *Coulibaly v. Chasanow*, 2015 WL 877786 (D. Md. February 27, 2015) (FTCA claim). Because judges are entitled to absolute immunity, the United States would be immune from suit as well. *Tinsley*, 150 F. Supp. 2d at 12 (judicial immunity protects United States from FTCA suit).

    5.    Remand

Where the federal court lacks subject matter jurisdiction, the court can and should raise lack of subject matter jurisdiction on its own. *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) ("If the parties fail to raise the question of the existence of jurisdiction, the federal court has the duty to raise and resolve the matter."). Given that the federal defendants are immune from suit in this case and subject to dismissal and diversity jurisdiction cannot be found

as to the remaining defendants, this case must be remanded to the state court for lack of subject matter jurisdiction.

      6.     Conclusion

For these reasons, a separate order shall be entered dismissing judicial defendants Hollander and Nickerson and remanding the case as to the remaining defendant to the Circuit Court for Anne Arundel County.

DATED this 20th day of January, 2016.

                                                  BY THE COURT:

                                       _____/s/_____
                                       James K. Bredar
                                       United States District Judge